**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MACK RAY GRISBY,** | ) | |
| **ID # 1529763,** | ) | |
| Petitioner, | ) | |
| **vs.** | ) | **No. 3:10-CV-1891-P-BH** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

On September 15, 2010, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for felony DWI in cause 24,770.  Respondent is Rick Thaler, Director of TDCJ-CID.

**A.  Factual and Procedural History**

On January 25, 2008, the State indicted petitioner for the felony offense of driving while intoxicated on or about August 25, 2007, in Hunt County, having been convicted of operating a motor vehicle while intoxicated on two or more prior occasions, enhanced by two prior felonies. (Clerk's Record ("C.R."):7-8).  He pled not guilty and was tried before a jury on July 11-13, 2008. The jury found him guilty.  After a punishment hearing, the trial court found the two felony enhancement paragraphs true and sentenced him to twenty-five years' imprisonment. (*Id*. at 6, 52).

On direct appeal, petitioner alleged that the trial court erred by not instructing the jury about the legal effect of his stipulation to the prior DWI convictions, and that he received ineffective

assistance of counsel. His conviction and sentence were affirmed by the Fifth District Court of Appeals. *Grisby v. State*, 05-08-01351-CR (Tex. App.–Dallas July 30, 2009). On November 24, 2009, the Texas Court of Criminal Appeals denied petitioner's motion for an extension of time to file a petition for discretionary review. *See* PDR-1681-09. Petitioner filed a state habeas application on April 15, 2010, raising the same grounds for relief as in his federal petition and others. (State Habeas Transcript[WR-74,021-01]:4-53). On June 23, 2010, the Court of Criminal Appeals denied relief without written order. (S.H.Tr.:cover).

On September 15, 2010, petitioner mailed his petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9). Respondent filed a response on November 18, 2010, and provided the state court records. Petitioner filed a reply brief on December 2, 2010. Petitioner's sole ground for relief is that his trial attorney was ineffective in stipulating to the two prior DWI convictions.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determin-

2

ation of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to proced-ural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, these AEDPA standards apply to the claims petitioner raised in his state application for writ of habeas corpus.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established fed-eral law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] prece-dent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-reasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless

they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole ground for relief, petitioner asserts that his trial attorney was ineffective by advising him to stipulate to two prior DWI convictions rather than objecting to their use. (Pet. at 7, Brief at 3-6).

To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the

4

*Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The relevant state statute under which petitioner was charged and convicted provides that the offense of driving while intoxicated is a third degree felony if it is shown at trial that the defendant has previously been convicted twice of any other offense relating to the operation of a motor vehicle while intoxicated. TEX. PENAL CODE. ANN. § 49.09(b)(2) (West 1993). At his trial, petitioner stipulated in writing that he had been convicted of two previous DWIs as charged in the indictment. (R. 2:10-12, 80; R. 4:Joint Ex. 1). These two convictions occurred on August 31, 1993, in Hunt County (1993 Conviction), and January 25, 2001, in Lamar County (2001 Conviction). (C.R.:8; R. 4:Joint Ex. 1)).

## A.     2001 Conviction

Petitioner asserts that his attorney should have objected to the use of the 2001 Conviction to enhance his current DWI conviction to a felony because the record of that conviction includes an allegation that "William Cooper" was the person who violated the terms of probation. (Pet. at 7; S.H.Tr.:70). The record of that conviction reflects that petitioner pled true to the State's petition to

revoke his probation, his two-year probationary period was revoked, and he was sentenced to ten days in jail on January 30, 2003. (S.H.Tr.:67-69). Regardless of the name listed in the State's allegations, petitioner pled true. More importantly, Texas law provides that a DWI conviction occurring on or after September 1, 1994, is a final conviction and can be used to enhance a subsequent DWI conviction whether or not the sentence was probated. TEX. PENAL CODE ANN. § 49.09(d) (West 1995). Here, the 2001 Conviction is a final conviction and was properly used for enhancement purposes regardless of why his probation was revoked. Petitioner's attorney was therefore not ineffective for failing to object to the use of this prior conviction to enhance the current DWI conviction to a felony offense. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that the failure to make meritless objections or motions does not constitute deficient performance).

**B.     1993 Conviction**

Petitioner also asserts that his attorney was ineffective for failing to object to the use of the 1993 Conviction to enhance his current conviction because it occurred more than ten years prior to his most recent DWI. (Brief at 4-5). Prior to 2005, the State could not use a prior DWI conviction to enhance a DWI conviction to a felony offense if the prior conviction was more than ten years old *and* the defendant was not convicted of another DWI within ten years after the prior conviction. *See* Act of June 13, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Sess. Law Serv. 1141-42, *repealed by* Act of June 18, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Sess. Law Serv. 3365, 3366. Here, petitioner was charged with DWI alleged to have occurred on or about August 25, 2007, after that law was repealed. Even if it had applied, petitioner was convicted of a second DWI in 2001, less than ten years after his 1993 conviction. The State could use his 1993 Conviction to enhance his current conviction to a felony under either law, and his attorney was not ineffective for failing to

make a meritless objection to its use.

## C.      Misdemeanor Convictions

Finally, petitioner asserts in his brief that his attorney was ineffective for failing to object

to the State using misdemeanor convictions to enhance his DWI felony conviction to the habitual

offender sentencing range.  (Brief at 5-6).  Petitioner's two prior misdemeanor DWI convictions

were used to enhance his current DWI to a felony conviction.  His sentence for his felony DWI

conviction was enhanced from a possible sentence of 5 to 99 years or life to a possible sentence of

25 to 99 years or life by two prior felony convictions, one for aggravated assault of a peace officer

on April 13, 1992, and one for burglary on June 19, 1980, both in Hunt County. (C.R.:8; R. 3:31-32;

R. 4:6, State's Ex. 4, 5).[1]  After the trial court found these two enhancement paragraphs to be true,

the court sentenced petitioner to the minimum sentence possible, twenty-five years imprisonment.

(C.R.:52; R. 4:6, 21).  His attorney was not ineffective for failing to make a meritless objection.

*Clark v. Collins*, 19 F.3d at 966.[2]

In conclusion, the state court's denial of relief is not contrary to federal law, and relief should

be denied in this case as well.

### IV. RECOMMENDATION

The request for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with

prejudice.

---

[1]  Petitioner pled not true to these two enhancement paragraphs. (R. 3:5).

[2]  Petitioner also argues in his reply that his 2001 Conviction was improperly used to enhance his current conviction to a felony because he was charged by information in that case, which deprived the trial court of jurisdiction.  Texas law defines void convictions "as those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner." *Ex parte Douthit*, 232 S.W.3d 69, 72 (Tex. Crim. App. 2007).  Petitioner has not shown that the Lamar County court lacked jurisdiction over him or over misdemeanor DWI cases, so this claim is likewise without merit.

**SIGNED this 25th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE